**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
District Judge S. Kato Crews

Civil Action No. 25-cv-03298-SKC
(Bankr. No. 23-13723-KHT)

*In Re*: JULIE ESTHER AYAAD and OSAMA HASSAN AYAAD,

Debtors.

---

OSAMA HASSAN AYAAD,

Appellant,

v.

JOLI A. LOFSTEDT, Chapter 7 Trustee, SAFWAN ALMOMANI, JANE MURPHY, and JULIE POPE,

Appellees.

---

**OPINION**

---

This appeal by Appellant Osama Hassan Ayaad, originates from proceedings in the United States Bankruptcy Court for the District of Colorado. The Court has studied the opening brief (Dkt. 26), response brief (Dkt. 30), reply brief (Dkt. 35), Mr. Ayaad's "Supplemental Submission in Further Support of Appellant's Reply Brief with Declaration of Osama Hassan Ayaad," (Dkt. 36), the appendices (Dkts. 28 and 31), the docket, and applicable legal authority. Oral argument is unnecessary because the facts and legal arguments are adequately presented and argument will not

materially assist in a decision.

Mr. Ayaad timely filed his Notice of Appeal on October 17, 2025. Dkt. 1. He appeals the Bankruptcy Court's October 8, 2025 Order Approving Settlement Agreement ("Settlement Order"). *Id.*; *Appellant's App'x* A-1. The Settlement Order is a final order. *In re S. Med. Arts Companies, Inc.*, 343 B.R. 250, 254 (B.A.P. 10th Cir. 2006). Mr. Ayaad elected this Court to hear his appeal. Dkt. 1. The Court has jurisdiction over this matter under 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8005(a).

## BACKGROUND

The parties are familiar with the factual and procedural history of this appeal. Not much of what is relevant from that history is controverted between them. Because the Bankruptcy Court so thoroughly recounted that history in its October 28, 2025 Order Denying Reconsideration and Denying Stay Pending Appeal ("Reconsideration Order"), the Court quotes the relevant parts here:

> Mr. Ayaad and Safwan Almomani ("Mr. Almomani") decided to go into the restaurant business together. In February 2011, Mr. Ayaad's then-wife, Julie Ayaad ("Ms. Ayaad") filed the documentation with the Colorado Secretary of State to form Sahara Café LLC (the "LLC"), which owned and operated the Saraha Café (the "Restaurant"). The Restaurant operated in leased space . . . [in] Manitou Springs, Colorado (the "Property"). Mr. Ayaad managed the Restaurant's daily operations.

Initially, the Property was owned by a third party, but in 2012, Mr. Almomani and his wife, Jane Murphy ("Ms. Murphy," and together, "Creditors") purchased the Property. Mr. Ayaad and Ms. Ayaad (together, "Debtors") assert they contributed to the purchase price and were entitled to an interest in the building, based on a contract between the two couples (the "Property Contract"). Disputes subsequently arose between the couples, and in October 2020, Mr. Almomani filed a lawsuit against Debtors in the El Paso County, Colorado District Court (the "State Court"). Debtors filed counterclaims, including a claim for relief based on the Property Contract.

* * *

In August 2022, following a jury trial, the State Court entered Judgment in favor of Creditors and against Debtors, jointly and severally, in the amount of $200,000 for breach of fiduciary duty, fraud and deceit, and civil conspiracy, and in the amount of $750,000 for civil theft, for a total damage award of $950,000, plus attorney's fees and costs of $184,193.99, plus post-judgment interest. The State Court also entered judgment against Debtors on their counterclaims, including the claim based on the Property Contract. After an appeal was dismissed, the Creditors asked the State Court to dissolve the LLC and divide its property. Before the State Court could decide that issue, Debtors filed

their bankruptcy petition on August 21, 2023, under Chapter 11, subchapter V. Joli Lofstedt ("Trustee") was appointed Subchapter V Trustee.

During the pendency of their Chapter 11 case, Debtors, represented by experienced and competent bankruptcy counsel, pursued attempts to reorganize their affairs and resolve their disputes with Creditors. They proposed a plan of reorganization and proposed amendments to the plan, but Creditors pursued objections to each plan and amendment (Docket ##81, 97, 117, 120, 123, 157, 165, 180).

Meanwhile, Mr. Almomani continued to manage the Restaurant's daily operations, contrary to his expressed wishes to focus on other business and personal activities and to wind up the LLC (Docket ##47, 101). The Restaurant did not pay rent. Two notices of lis pendens clouded Creditors' title to the Property. Creditors were stayed from any actions to collect their over $1.25 million judgment against Debtors, while interest continued to accrue and their attorney's fees continued to increase.

In January 2025, Debtors filed a motion to convert their case to one under Chapter 7, citing the need to forestall additional administrative expenses . . . . The Court converted Debtors' case to one under Chapter 7 by Order entered February 6, 2025 (Docket #192).

Trustee was appointed Chapter 7 Trustee (Docket #193).

In June 2025, Mr. Ayaad, proceeding pro se, filed a motion to dismiss Debtors' bankruptcy case (Docket #235). Ms. Ayaad, also proceeding pro se, filed an objection to dismissal (Docket #240) . . . . Trustee and Creditors also objected to dismissal of Debtors' case (Docket ##242, 243). The Court set the motion to dismiss for preliminary hearing to be held July 16, 2025 (Docket #261). At that hearing, for the reasons stated on the record, the Court denied Mr. Ayaad's motion to dismiss (Docket #269). Mr. Ayaad filed a Motion to Reconsider (Docket #271), which the Court also denied (Docket #286).

* * *

While [a Motion to Compel Trustee to Abandon Property of the Estate ("Motion to Abandon")] was pending, Trustee and Creditors reached a Settlement Agreement resolving the Motion to Abandon and other pending matters, including the estate's counterclaims asserted in adversary proceeding 23-01233 KHT (the "Adversary Proceeding") and the sale of rental property located at 1443 Acacia Drive, Colorado Springs, CO 80907 (the "Rental Property"). The Settlement Agreement provided, in part, as follows:

- Creditors will pay Trustee $20,000 in full satisfaction of the Adversary Proceeding counterclaims, the motion for dissolution pending in the State Court Case, and the two notices of lis pendens filed against the Property.

Following the payment, the parties will dismiss the motion for dissolution, close the State Court lawsuit, and dismiss the Adversary Proceeding counterclaims. Debtors will retain the right to assert the counterclaims as defenses in the Adversary Proceeding.

- Creditors' proof of claim will be allowed in its entirety.
- Trustee will assign to Creditors the estate's membership interest in the LLC.
- Trustee will release the lis pendens against the Property.
- The estate will list and market the Rental Property and will receive $20,000 from the net sale proceeds, with the remaining net proceeds paid to Creditors.

On July 10, 2025, Trustee filed a Motion to Approve Settlement Agreement (Docket #264). Mr. Ayaad filed an objection (Docket #272) and also filed multiple pleadings alleging errors in the proceedings before the State Court and asking for relief from the State Court's judgment. Creditor filed a motion to strike Mr. Ayaad's objection for lack of standing (Docket #273). Out of an abundance of caution, the Court denied the motion to strike by Order entered September 11, 2025 (Docket #286), given the pendency of claims of nondischargeability in the Adversary Proceeding.

On October 8, 2025, the Court held a preliminary hearing on the Trustee's Motion to Approve Settlement Agreement. Mr. Ayaad appeared and presented argument to the Court. For the reasons stated

on the record, the Court approved the Settlement Agreement (Docket ##290, 291).

*In re Ayaad*, No. 23-13723 KHT, 2025 WL 3028170, at *1-3 (Bankr. D. Colo. Oct. 28, 2025) (footnotes omitted); *see also Appellees' App'x* 216-29.

**STANDARD OF REVIEW**

When a party appeals to the district court, a district court "reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re St. Charles*, No. 20-cv-03050-PAB, 2022 WL 168715, at *2 (D. Colo. Jan. 19, 2022) (collecting cases). The decision of a bankruptcy court to approve a settlement agreement "may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989).

When considering an abuse of discretion, a bankruptcy court's decision won't be disturbed unless the reviewing court "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)). "An abuse of discretion will be found only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994) (cleaned up). When applying the abuse-of-discretion standard, the reviewing court "defer[s] to the trial court's judgment

because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Moothart*, 21 F.3d at 1504 (quoting *McEwen*, 926 F.2d at 1553-54). And as concerns the approval of settlements, a bankruptcy court's approval without a sufficient factual foundation "inherently constitutes an abuse of discretion." *Reiss,* 881 F.2d at 892 (internal quotations and citation omitted).

**ISSUES FOR DECISION**

Mr. Ayaad's opening brief identifies four issues on appeal: (1) "Whether the Bankruptcy Court abused its discretion in denying Appellant's Motion to Dismiss under 11 U.S.C. § 707(a), where the written record does not reflect articulated findings addressing prejudice to creditors or totality-of-circumstances analysis."; (2) "Whether the Bankruptcy Court abused its discretion in approving the Trustee's Rule 9019 settlement without conducting an independent, reasoned evaluation of the required factors under controlling precedent."; (3) "Whether approval of the settlement without evidentiary development where material facts were disputed raises due process concerns."; and (4) "Whether denial of reconsideration compounded the above errors."[1] Dkt. 26, p.6.

Only the issues concerning the Bankruptcy Court's approval of the settlement agreement (issues two and three) are properly before the Court. Mr. Ayaad's Notice of Appeal expressly identifies *solely* the October 8, 2025 Settlement Order as the

[1] Because Appellant is not represented by counsel in this appeal, the Court liberally construes his filings but without acting as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

matter being appealed.[2] *Appellant's App'x* A-62 ("The Debtor appeals . . . the Order entered on October 8, 2025 (Docket No. 291), which approved the Chapter 7 Trustee's Motion to Approve Compromise and Settlement Agreement."). Mr. Ayaad has not filed a notice of appeal regarding either the order denying his motion to dismiss or the Reconsideration Order. A party may not conflate issues that are not timely appealed with those that are timely appealed.[3] *See, e.g.*, *In re Lang*, 414 F.3d 1191, 1196 (10th Cir. 2005) ("An unsuccessful motion to cure an untimely appeal cannot itself be the vehicle for review of the matter not timely appealed."). The issues, therefore, are whether the Bankruptcy Court abused its discretion or violated due process with its approval of the settlement agreement.

## ANALYSIS AND FINDINGS

Federal Rule of Bankruptcy Procedure 9019(a) allows the bankruptcy court to approve settlements entered by the bankruptcy trustee after notice and a hearing.

---

[2] Prior to this appeal being assigned to the undersigned, the Hon. Senior District Judge Blackburn issued an Order to Show Cause to Appellant "as to why the appeal should not be dismissed due to his lack of standing to commence this appeal." Dkt. 5. After both Appellant and Appellees responded (Dkts. 9 and 14, respectively), Judge Blackburn issued an Order Allowing Appeal to Proceed, finding: "The Tenth Circuit has held that courts may avoid the issue of prudential 'person aggrieved' standing to decide a case on the merits. [citing *In re C.W. Mining Co.*, 636 F.3d 1257, 1260 n.5 (10th Cir. 2011)] As such, the Court assumes, without deciding, that Appellant is a person aggrieved and shall proceed to review the case on the merits." Dkt. 21; *see also id.* n.2 ("The Court is satisfied Article III standing exists.").

[3] Mr. Ayaad attempts to do exactly that, arguing in his Reply brief that "the dismissal ruling is *intertwined* with the settlement approval." Dkt. 35 p.10 (emphasis added). It is not. The order denying his motion to dismiss was a separate order not timely appealed.

"[S]ettlements are favored in bankruptcy." *Kearney v. Unsecured Creditors Comm.*, 987 F.3d 1284, 1295 (10th Cir. 2021). A bankruptcy court's decision to approve a settlement must be informed and based on "an objective evaluation of developed facts." *Reiss*, 881 F.2d at 892. But the bankruptcy court isn't required to hold a "mini-trial" on the issues underlying the settlement or to decide all the legal or factual questions the parties raise. *In re Brutsche*, 500 B.R. 62, 71 (Bankr. D.N.M. 2013). Instead, the court should determine whether the settlement is fair, equitable, and in the estate's best interests, considering these factors: (1) probability of success of the litigation on the merits; (2) potential difficulty collecting a judgment; (3) complexity and expense of the litigation; and (4) interests of creditors. *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (D. Colo. 1989); *see also In re Rich Glob., LLC*, 652 F. App'x 625, 631 (10th Cir. 2016).

The thrust of Mr. Ayaad's argument is that reversal is warranted because the Settlement Order "does not reflect the independent, reasoned evaluation required by controlling precedent." Dkt. 26 p.9. He argues "[t]he record does not demonstrate structured analysis of the probability of success, valuation disputes, collection risk, litigation complexity, or the paramount interests of creditors." *Id.* And he contends "the settlement resolved disputed substantive rights without evidentiary development where material facts were contested. When material factual disputes exist, summary approval without testimony or cross-examination raises significant procedural concerns." *Id.* p.10.

Appellees argue the Settlement Order was not an abuse of discretion. Dkt. 30 p.9. They claim "[t]he Bankruptcy Court applied the correct law, made findings of fact, and drew reasonable legal conclusions from the facts. Moreover, the Bankruptcy Court properly found that the Settlement Agreement is fair, equitable, and in the best interests of the estate and, in doing so, applied the correct legal standard." *Id.*

Taking the Settlement Order alone, the Court agrees with Mr. Ayaad. In its entirety, that order reads:

> THIS MATTER comes before the Court upon Trustee's Motion to Approve Settlement Agreement (the "Motion") filed by Joli A. Lofstedt, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Julie Esther Ayaad and Osama Hassan Ayaad (the "Estate"). The Court having examined the Motion hereby:
>
> ORDERS that the Motion is GRANTED.
>
> IT IS FURTHER ORDERED that the Settlement Agreement attached to the Motion as Exhibit 1 is APPROVED.
>
> IT IS FURTHER ORDERED that Trustee is authorized to take such action as is deemed necessary to carry out the terms of the Settlement Agreement, including but not limited to executing the Release of Lis Pendens attached to the Settlement Agreement as Exhibit A.

*Appellant's App'x* A-1. Nowhere in this order does the Bankruptcy Court mention it found the settlement was fair, equitable, or in the estate's best interests. *Id.* Likewise, the order provides no indication that the Bankruptcy Court considered whether the proposed settlement fits within the range of reasonableness by assessing the four applicable factors. *In re Kaiser Steel Corp.*, 105 B.R. at 976; *see also In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997).

But days after the Settlement Order issued, Mr. Ayaad filed his Emergency

Motion for Reconsideration and to Vacate Order Approving Settlement. *Appellees' App'x* 214-15. When the Bankruptcy Court ruled on Mr. Ayaad's emergency motion with its Reconsideration Order, it provided the informed decision its Settlement Order lacked. *Id.* 216-29. In fine detail, the Bankruptcy Court first addressed each argument raised by Mr. Ayaad from his emergency motion. *Id.* 221-24 (addressing each of Mr. Ayaad's four arguments regarding "Debtors' interest in the Property," "Distribution from the LLC," "The Rental Property," and "Equitable Concerns."). Next, it expressly stated that "[w]hen approving the Settlement Agreement, the Court considered" the applicable law as articulated in *In re Dennett*, 449 B.R. 139, 144-45 (Bankr. D. Utah 2011) (discussing Rule 9019 and the four prongs for consideration of probability of success, difficulty of collection, complexity and expense of litigation, and interests of creditors). *Id.* 225; *see also id.* at 220 ("As discussed further below, the Court considered the undisputed facts and the applicable law to determine Mr. Ayaad's objection to the settlement must be overruled, and the Settlement should be approved."). It then provided its reasoned evaluation of those factors, which dovetailed with its earlier analysis of Mr. Ayaad's arguments for reconsideration. *Id.* 225-26.

The Reconsideration Order provided the requisite detail and analysis the Settlement Order lacked.[4] That order shows the Bankruptcy Court's decision to

---

[4] The Reconsideration Order is part of the record on appeal even though it was issued after the Notice of Appeal. Fed. R. Bankr. P. 8009(a)(4) (the record on appeal includes "any opinion, findings of fact and conclusions of law relating to the issues on appeal").

approve the settlement was fully informed and based on "an objective evaluation of developed facts." *Reiss*, 881 F.2d at 892. It also shows the Bankruptcy Court gave considered attention to determining whether the settlement was fair, equitable, and in the estate's best interests by considering the four applicable factors. *See, e.g.*, *id.* 225-26. In one example, the Bankruptcy Court explained:

> Here, as discussed above, the State Court Judgment prevents Debtors' estate from asserting a claim to an interest in the Property. And, there is no evidence the LLC has a positive liquidation value such that a distribution could be made on account of Ms. Ayaad's membership interest. The $20,000 the Creditors would pay under the Settlement Agreement to resolve those issues is well within the universe of reasonable actions, given the low likelihood of success of the arguments asserted by Mr. Ayaad. Although collection of any judgment against Creditors may not be difficult, the expense of additional litigation would be substantial and would be an unfair burden to impose on the estate or the Creditors. Trustee and the Court are required to consider the interests of Creditors, whose claim includes a substantial unsecured portion, and of other creditors, none of whom objected to the Settlement Agreement. Ms. Ayaad did not object to the Settlement Agreement. Considering each of the four factors, the Court properly found the Settlement Agreement to be in the best interests of the estate.

*Id.*

An appellate court is free to affirm the rulings of a lower court "on any ground that finds support in the record[.]" *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1248 (10th Cir. 2000) (quoting *Cayce v. Carter Oil Co.*, 618 F.2d 669, 677 (10th Cir.1980)). And a lower court's "failure to make express findings does not require a remand if a

---

Regardless, the Court may take judicial notice of that order. *See MTGLQ Invs., LP v. Wellington*, No. 23-2048, 2024 WL 1191128, at *2 n.2 (10th Cir. Mar. 20, 2024) ("The district court filings subsequent to Ms. Wellington's notice of appeal are not in the record on appeal, but we take judicial notice of them.").

complete understanding of the issues may be had [from the record] without the aid of separate findings." *Home Indem. Co. v. Arapahoe Drilling Co.*, 5 F.3d 546 (10th Cir. 1993) (unpublished) (internal quotations and citation omitted). Viewing the record, the Reconsideration Order does what the Settlement Order didn't do. It shows the Bankruptcy Court's work. The Reconsideration Order is thorough and well-reasoned and shows that the Bankruptcy Court made factual findings and legal conclusions, and considered the applicable standard when issuing the Settlement Order. As a result, the Court finds the Bankruptcy Court did not abuse its discretion when it approved the settlement.

Mr. Ayaad further argues the Bankruptcy Court's approval of the settlement "without evidentiary development raises due process concerns."[5] Dkt. 26 p.18. But "court proceedings that provide notice and an opportunity to be heard generally provide due process." *Borders v. Wine*, No. 21-4036-DDC-ADM, 2021 WL 4453571, at *3 (D. Kan. Sept. 29, 2021). And Mr. Ayaad had that before the Bankruptcy Court.

---

[5] When Mr. Ayaad raised this same issue of an evidentiary hearing with the Bankruptcy Court on reconsideration, that court explained:

> Mr. Ayaad asserts this Court was required to conduct an evidentiary hearing before approving the Settlement. The Court disagrees. Debtors' case has been pending before this Court more than two years, during which time the Court has reviewed many pleadings, held multiple hearings, and decided procedural and substantive issues. The Court has become very familiar with the parties and their positions, as has the Trustee. The facts before the Court are developed, and the salient facts are undisputed.

*Appellees' App'x* 220 (footnote omitted).

He received the Bankruptcy Court's Order and Notice of Preliminary Hearing which set a hearing on the matter of the trustee's Motion to Approve Settlement Agreement. *Appellees' App'x* 212. The transcript of that hearing shows Mr. Ayaad attended and argued his points. *Id.* 304-17. Having received notice and exercised his occasion to be heard, Mr. Ayaad received all the process he was due respecting the Bankruptcy Court's approval of the settlement agreement. *See Borders*, 2021 WL 4453571, at *3 (court proceedings providing notice and an opportunity to be heard provide due process); *In re Brutsche*, 500 B.R. at 71 (no mini-trial is required nor must the bankruptcy court decide all legal or factual questions raised by the parties when approving a settlement); *In re Stewart*, 603 B.R. 138, 147 (Bankr. W.D. Okla. 2019) (bankruptcy court need not decide the numerous issues of law and fact raised by a settlement but must only canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness).

[*remainder of page intentionally left blank*]

## CONCLUSION

For the reasons shared above, the Bankruptcy Court's October 8, 2025 Order Approving Settlement Agreement is AFFIRMED. The Settlement Order is supported by a sufficient factual and legal foundation as explained by the Bankruptcy Court in its October 28, 2025 Reconsideration Order, and therefore, there was no abuse of discretion.

Dated: October 9, 2026

BY THE COURT:

S. Kato Crews
United States District Judge